UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD JONES,<br>CDCR #E-33225,<br><br>                              Plaintiff,<br>vs.<br><br>JOHN AND/OR JANE DOE; WARDEN;<br>JOHN AND JANE DOE 1-50,<br><br>                            Defendants. | Case No.: 3:21-cv-01028-DMS-BGS<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)**<br><br>**[ECF No. 2]** |

      Plaintiff Gerald Jones, currently incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, is proceeding pro se in this case pursuant to 42 U.S.C. § 1983. *See* ECF No. 1. In addition, Plaintiff has filed a Motion to Proceed *In Forma Pauperis* ("IFP"). *See* ECF No. 2. A CDCR Inmate Statement Report, along with a prison trust account certificate calculating his 6-month average monthly account balance and deposit, as well as his available account balance was filed on June 2, 2021. *See* ECF No. 4.

## I. Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[1] *See* 28 U.S.C. § 1914(a). Under 28 U.S.C. § 1915(a), the Court may authorize a plaintiff to pursue a case without payment of the filing fee. Whether an affiant has satisfied § 1915(a) falls within "the reviewing court['s] . . . sound discretion." *California Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *rev'd on other grounds*, 506 U.S. 194 (1993). A party need not "be absolutely destitute" to proceed IFP. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). "Nonetheless, a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness, and certainty.'" *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *United States v. McQuade*, 647 F.3d 938, 940 (9th Cir. 1981)).

"An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Id.* And while "a prisoner's financial needs are not the same as those of a non-prisoner," and one "without funds [may] not be denied access to a federal court based on his poverty," *Taylor v. Delatoore*, 281 F.3d 844, 849 (9th Cir. 2002) (citing 28 U.S.C. § 1915(b)(4)).

Before the enactment of the Prison Litigation Reform Act ("PLRA") in 1996, "indigent prisoners, like other indigent persons, could file a civil action without paying any filing fee." *Bruce v. Samuels*, 577 U.S. 82, 83–84 (2016) (citing 28 U.S.C. § 1915(a)(1)). The PLRA however, "placed several limitations on prisoner litigation in federal courts." *Id.* at 84. While his civil action or appeal may proceed upon submission of an affidavit that demonstrates an "unab[ility] to pay such fees or give security therefor," 28 U.S.C. § 1915(a); *see also Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th

---

[1] For civil cases like this one, the civil litigant bringing suit must pay the $350 statutory fee in addition to a $52 administrative fee. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020). The $52 administrative fee does not apply to persons granted leave to proceed IFP, however. *Id.*

Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999), a prisoner granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce* 577 U.S. at 84, 85; *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his case is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor*, 281 F.3d at 847.

Thus, section 1915(a)(2) requires prisoners to submit a "certified copy of the[ir] trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, "the district court must make a series of factual findings regarding the prisoner's assets." *Taylor*, 281 F.3d at 847 n.2. It must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 577 U.S. at 85–86.

In support of his Motion, Plaintiff has submitted a sworn declaration of assets. In addition, the required prison certificate authorized by a RJD accounting official, as well as a copy of his CDCR Inmate Statement Report has been filed. *See* ECF Nos. 2, 4; 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119. But these documents do *not* demonstrate he is "unable to pay" the $402 civil filing fee. *See* 28 U.S.C. § 1915(a). Instead, Plaintiff's submissions show he has carried an average monthly balance of $4064.64 in his trust account over the last six months, and that he had an available balance of $3836.13 to his credit at the time of filing. *See* ECF No. 4 at 1.

/ / /

/ / /

Thus, because the Court finds Plaintiff is able pay the full $402 civil filing fee required to commence a civil action, his Motion to Proceed IFP must be **DENIED**.

## II. Conclusion and Orders

For the reasons discussed, the Court **DENIES** Plaintiff's Motion to Proceed IFP (ECF No. 2) because it demonstrates he is able to pay the $402 filing fee in full and **DISMISSES** this civil action without prejudice based on his failure to satisfy 28 U.S.C. § 1914(a)'s fee requirements.

Plaintiff may re-open this case by submitting the full $402 filing fee due by **July 23, 2021**.[2] If he chooses this course, Plaintiff must ensure his check is submitted and made payable to the Clerk of the Court, U.S. District Court, Southern District of California, and include reference to Civil Case No. 3:21-cv-01028-DMS-BGS.

If Plaintiff does *not* submit the full $402 filing fee in one lump sum on or before **July 23, 2021**, the case will remain dismissed without prejudice based on his failure to pay the required filing fee and without any further Order of the Court.

**IT IS SO ORDERED**.

Dated: June 7, 2021

Hon. Dana M. Sabraw, Chief Judge
United States District Court

---

[2] Plaintiff is cautioned that should he elect to re-open this case by paying the full $402 civil filing fee, his Complaint will still be subject to the mandatory initial screening required by 28 U.S.C. § 1915A. Also enacted as part of the PLRA, § 1915A requires the Court to "review, … as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "The court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*, subd. (b)(1), (2). "The purpose of § 1915A is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).